Filed 7/3/14  P. v. Abdul-Jaami CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>KHALIL ABDUL-JAAMI,<br><br>　　　Defendant and Appellant. | A139737<br><br>(Lake County<br>Super. Ct. No. CR930788) |

　　　Defendant Khalil Abdul-Jaami appeals from a judgment following a jury verdict finding him guilty of unlawfully possessing a firearm (Pen. Code, § 29900, subd. (a)(1)).[1] The trial court sentenced him to the upper term of three years doubled because of a prior strike, plus two consecutive one-year prison prior enhancements, for a total sentence of eight years in state prison.  His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, was given additional time to do so, but did not file anything further.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

## DISCUSSION

　　　In October 2012, the District Attorney for Lake County filed a two-count felony complaint against defendant, alleging he unlawfully owned, possessed or had custody of

---

[1] All further statutory references are to the Penal code unless otherwise indicated.

1

a firearm (§ 29900, subd. (a)(1)) and unlawfully purchased, received or had control of a firearm (§ 29800, subd. (a)(1)). It was further alleged he had been convicted of a serious or violent offense (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), and had served two prior prison terms (§ 667.5, subd. (b)) and was ineligible for probation (§ 1203, subd. (e)(4)). A month later, the prosecution filed a first amended complaint, adding counts for unlawfully carrying a concealed weapon (§ 25400, subd. (a)(1)) and unlawfully possessing a stolen firearm (§ 496, subd. (a)).

At the preliminary hearing Deputy Sheriff Lyle Thomas testified he pulled defendant over for running a red light and determined he was on probation. When defendant repeatedly hesitated in answering whether he had anything illegal in the car, Thomas searched it and discovered a loaded gun hidden in a sock under the driver's seat. At that point, Thomas advised defendant of his *Miranda*[2] rights and arrested him. Defendant denied knowing about the weapon. Criminal Investigator Denise Hinchcliff testified to numerous phone calls defendant made from the jail to the owner of the car, Karen Johnson. Johnson was upset about the gun and suggested defendant could claim he needed it to protect his family. Hinchcliff also determined the gun was registered to an individual who was deceased and had been stolen from the home of one of the county deputy district attorneys. The prosecution also entered into evidence defendant's conviction records.

The court held defendant to answer as to the first three charges, but found insufficient evidence he knew the firearm was stolen. The court also found defendant in violation of his probation in another matter.

The district attorney then filed a three-count information in December 2012, charging defendant with unlawfully owning or possessing a firearm in violation of sections 29900, subdivision (a)(1) (count I) and section 29800, subdivision (a) (count II), and carrying a concealed weapon in violation of subdivision 25400, subdivision (a)(1) (count III). It further charged he had been convicted of a serious or violent offense

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

(§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), and had served two prior prison terms (§ 667.5, subd. (b)) and was ineligible for probation (§ 1203, subd. (e)(4)).

Defendant then filed a motion to disqualify the district attorney because of an asserted conflict of interest. It turned out, Karen Johnson, the owner of the car, was in a romantic relationship with defendant and was also a county correctional officer. Defendant claimed Deputy Thomas told him when he was arrested he should keep quiet about the relationship and plead out without calling attention to it. Defendant also claimed a "well known" and "well liked" retired prosecutor was a tangential victim, since the firearm in question had been stolen from his home. Defendant asserted these matters had raised the ire of the district attorney, rendering the office biased and unfair and causing it to withdraw a negotiated disposition. On the same grounds, defendant moved to set aside the information.

The prosecutor opposed the motions, denying any bias and explaining she withdrew the plea offer after learning about the jail telephone calls indicating defendant was clearly aware the firearm was in the car. The Attorney General also filed opposition to the motion to recuse the district attorney. The court heard and denied the motions and set the case for trial.

Defendant then sought and was granted a continuance of the trial date to file a motion to suppress and a *Pitchess* motion[3] based on alleged improper conduct by Deputy Thomas in pressuring defendant to quickly make a deal and avoid embarrassment to Johnson. The trial court found defendant made a sufficient showing under *Pitchess* to warrant an in camera review of the officer's personnel files. On review, the trial court found no documents should be disclosed.

Two weeks before trial commenced, defendant made a Code of Civil Procedure section 170.6 challenge, and the case was assigned for trial to another department. Trial commenced in May 2013. Before the presentation of evidence, the prosecution moved to dismiss counts II and III on grounds they were essentially duplicative of count I.

---

[3] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

Defendant then stipulated to the prior conviction alleged in connection with count I. There was a further stipulation that no identifiable latent fingerprints were found on the gun or the ammunition in the gun and that the search of the car was lawful.

Deputy Thomas testified as he had at the preliminary hearing. In addition, Lieutenant Jason Findley, who worked at the county jail, testified for the prosecution as to telephone calls between defendant and Scott, tapes of three of which were played to the jury. Criminal Investigator John Flynn testified the absence of identifiable fingerprints on a firearm is not unusual. Defendant called no witnesses and argued in closing the prosecution had not proven beyond a reasonable doubt he knew the gun was in the car. The jury returned a guilty verdict.

Defendant thereafter waived a jury trial as to the enhancement allegations, and the trial court found the prior "strike" offense and two prior prison terms allegations true. Defendant then made a *Romero* motion,[4] asking the court to strike the prior serious felony and prison term allegations, so he would be eligible for probation. The trial court denied the motion, and sentenced defendant to the upper term of six years, with an additional two years for the prison priors to be served consecutively, for an aggregate term of eight years.

Throughout the proceedings, defendant was ably represented by counsel. Defendant was duly admonished as required in connection with his waiver of jury trial on the enhancement allegations. The trial court did not abuse its discretion in connection with evidentiary rulings and properly instructed the jury. The court also did not abuse its discretion in denying defendant's *Romero* motion or in sentencing defendant. The court duly set forth on the record the sentencing factors considered, and imposed applicable fines and provided custody credits.

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

## DISPOSITION

After a full review of the record, we find no arguable issues and affirm the judgment.

_____
Banke, J.

We concur:

_____
Dondero, Acting P. J.

_____
Becton, J.[*]

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5